R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MINDEN PICTURES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PALACE TOURS LIMITED,<br><br>Defendant. | **Case No.:** |

<u>**COMPLAINT AND JURY DEMAND**</u>

Plaintiff Minden Pictures, Inc. ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for its complaint against defendant Palace Tours Limited ("Defendant") alleges as follows:

**SUBSTANCE OF THE ACTION**

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.

2.      Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3.     Plaintiff is a corporation organized under the laws of California with a principal place of business at 9565 Soquel Drive, Suite 202, Aptos, California, 95003.

4.     Upon information and belief, Defendant is a New Jersey limited company with a principal place of business at 20 Wall Street, Princeton, New Jersey 08540-1513.

## JURISDICTION AND VENUE

5.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6.     Personal jurisdiction over Defendant is proper.  Defendant is conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.     Plaintiff's Business

8.     Plaintiff is recognized as the premier provider of rights managed wildlife and nature stock photos and feature stories, with a collection that covers key aspects of natural history, ecology, biodiversity and endangered species from all continents including many remote and isolated regions.  Its photographic works represent the finest images by an award-winning group of natural history photographers including many regular contributors to *National Geographic* whose work is collected by Nature Picture Library, National Geographic, Nature in Stock, Buiten-beeld, Biosphoto, Birdimagency, Auscape, Hedgehog House, San Diego Zoo and Amana.

9.      Plaintiff licenses works for professional applications including editorial, advertising, corporate and non-profit use.

10.     Among Plaintiff's award-winning photographers is Pete Oxford, whose wildlife photography has appeared in magazines around the world, including *Africa Geographic*, *Time*, *Smithsonian*, *Life*, *BBC Wildlife*, *National Geographic* and many others.  Mr. Oxford has won numerous awards and accolades, including being selected 10 times as the *BBC Wildlife Photographer of the Year* and being recognized by *Outdoor Photographer Magazine* as one of the top 40 most influential nature photographers in the world.

11.     Mr. Oxford is the creator of the photographic image depicted in Exhibit A (the "Copyrighted Work"), attached hereto.

12.     Mr. Oxford is the owner of the copyrights in and to the Copyrighted Work.

13.     Plaintiff is the exclusive licensee of the Copyrighted Work, exclusively responsible for the administration, publication and enforcement of the copyrights in and to the Copyrighted Work.

14.     The Copyrighted Work is an original work of authorship.

15.     Plaintiff has included in the Copyrighted Work copyright management information.

16.     On December 23, 2008, on behalf of Mr. Oxford, Plaintiff obtained a registration with the United States Copyright Office for the "Pete Oxford 2004 Photo Collection on Minden Pictures Website," Registration Number VA 1-725-390, a copy of which is attached hereto as Exhibit B.

17.     The Copyrighted Work is registered under Registration Number VA 1-725-390.

**B.** **Defendant's Unlawful Activities**

18.     Upon information and belief, Defendant owns and operates or participates in the operation of a number of websites, including one located at the URL http://www.palacetours.com, where Defendant publishes copyrighted content, or causes copyrighted content to be published, such as that belonging to Plaintiff, to draw internet users to visit and remain at the Defendant's websites where Defendant's brand, products and services are promoted and sold and where profits from advertising revenue grow as viewership grows.

19.     Plaintiff has discovered that Defendant is and has been infringing the exclusive copyrights in the Copyrighted Work.

20.     Specifically, Plaintiff discovered the exact copies of the Copyrighted Work being reproduced, distributed, and publicly displayed at the following websites (herein after the "Infringing Websites"):

- http://www.palacetours.com/uploads/tours/tour931/f8292ba277d7409b9dd5d19a6b49260d.jpg
- http://www.palacetours.com/r-south-america/t-amazon-anakonda-tour

21.     Screenshots of Defendant's unlawful use of the Copyrighted Work are attached hereto as Exhibit C.

22.     Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff and without any regard for the copyrights of Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Work.

23.     Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

24.     The reproduction, distribution, and public display of Plaintiff's Copyrighted Work by Defendant is without Plaintiff's authorization.

25.     The unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work by Defendant is knowing and willful and in reckless disregard of Plaintiff's rights.

26.     Plaintiff has caused a number of cease and desist letters to be sent to Defendant, all of which, upon information and belief, have been ignored and the infringing conduct continues.

<u>**FIRST CLAIM FOR RELIEF**</u>
<u>**(Direct Copyright Infringement)**</u>

27.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

28.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

29.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Websites.

30.     By its actions, as alleged above, Defendant infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

31.     Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

32.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from the uses of the Copyrighted Work by Defendant without paying license fees, in an

5

amount to be proven at trial.

33.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

34.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

35.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

36.     The conduct of Defendant has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

37.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

38.     As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

39.     Defendant's foregoing acts of contributory infringement violates Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

6

40.     Upon information and belief, the foregoing acts of contributory infringement by Defendant of Plaintiff's copyrights are willful and deliberate and Defendant has profited at the expense of Plaintiff.

41.     As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

42.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

43.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

44.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

45.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the contributory infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

46.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

47.     As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly infringe nor contributorily infringe Plaintiff's copyright, Defendant had the right or ability to control the direct infringement described above.

48.     As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

49.     Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and Defendant benefitted from that direct infringement.

50.     As a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from the Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

51.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

52.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

53.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

54.     The Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting vicarious infringement of Plaintiff's exclusive rights under copyright law.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**
**(17 U.S.C. § 1202)**

55.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

56.     The Copyrighted Work contained copyright management information.

57.     Upon information and belief, Defendant intentionally removed copyright management information from the Copyrighted Work.

58.     Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

59.     Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

60.     Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

61.     By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

62.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

63.     At its election, and in lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act.

64.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright

infringement;

5.     Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.     A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

8.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9.     Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful violation of the Digital Millennium Copyright Act;

10.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

11.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12.     Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted

Work or to participate or assist in any such activity; and

     13.     For such other and further relief as the Court may deem just and proper.


## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 4, 2019

                       Respectfully submitted,


                       By: */s/ R. Terry Parker*
                       R. Terry Parker, Esquire
                       RATH, YOUNG and PIGNATELLI, P.C.
                       120 Water Street, Second Floor
                       Boston, MA 02109
                       Telephone: (603) 226-2600
                       Email: rtp@rathlaw.com

                       *Attorneys for Plaintiff*
                       *Minden Pictures, Inc.*